IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM B. WELLS**                                           **PETITIONER**

**V.**                        **CIVIL ACTION NO. 3:22CV741 DPJ-LGI**

**BURL CAIN, COMMISSIONER**                            **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

William Wells seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Following his murder conviction in the Circuit Court of Madison County, Mississippi seven years ago, Wells was sentenced to life in the custody in the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed the conviction and sentence on appeal, before issuing its final mandate on February 1, 2018. *Wells v. State*, 233 So. 3d 279 (Miss. 2017), *reh'g denied*, Jan. 25, 2018. Wells did not seek certiorari review but retained post-conviction counsel in March 2018. After seeking a series of extensions of time in 2021 citing the Covid-19 Pandemic, counsel filed a motion for relief under Mississippi's Post-Conviction Collateral Relief Act on November 3, 2021. Miss. Code Ann. § 99-39-5(2). Finding it to be without merit, the Mississippi Supreme

Court denied the motion on May 16, 2022, and the subsequent request for reconsideration on June 1, 2022. Wells filed the instant petition for relief on December 21, 2022.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 209 L. Ed. 2d 488, 141 S. Ct. 982, 987 (2021)). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Wells's conviction became final on May 2, 2018, 90 days after the Mississippi Supreme Court issued its mandate. *Watts v. Brewer*, 416 F. App'x 425 (5th Cir. 2011) (state appellate review becomes final on the date the mandate is issued) (citing *Gray v. Univ. of Mississippi Sch. of Med.*, 996 So. 2d 75, 79 (Miss. Ct. App. 2008) (noting Mississippi Supreme Court's opinion not final until issuance of the mandate, even though opinion had been issued)). *See also Wilde v. Miss. Parole Bd. Members*, No. 3:16 CV 408 TSL MTP, 2016 WL 6495918, at *3 (S.D. Miss. Oct. 14, 2016), *report and recommendation adopted as modified,* No. 3:16-CV-408 TSL-MTP, 2016 WL 6465471 (S.D. Miss. Oct. 31, 2016); *Harper v. Mississippi*, No. 1:14CV363-KS-RHW, 2015 WL 2342546, at *4 (S.D. Miss. May 14, 2015); *Pickett v. King*, No. 3:13-CV-482 HTW-LRA, 2014 WL 2446150, at *2 (S.D. Miss. May 30, 2014). Though Wells did not seek

certiorari review from the United States Supreme Court after his direct appeal ended, he is credited with the time period permitted for doing so. *See* U.S. Sup.Ct. R. 13(1); *Wallace v. Mississippi*, 43 F.4th 482, 497 (5th Cir. 2022) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (statute of limitations begins to run when time for seeking further direct review expires). Thus, to toll the statute of limitations, Wells was required to file a motion for post-conviction collateral relief in state court on or before May 2, 2019. However, he did not so until November 3, 2021. A petitioner cannot revive an expired limitations period by filing a late state petition. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Accordingly, AEDPA's statute of limitations period ran uninterrupted from May 2, 2018, through May 2, 2019. Absent equitable or statutory tolling, the instant petition--filed more than four years after his conviction became final-- is untimely.

Wells does not dispute that his petition is untimely, nor does he contend that he was unaware of AEDPA's statute of limitations. Rather, Wells asserts that he is entitled to equitable tolling because he exercised due diligence in retaining post-conviction counsel to file a motion for state post-conviction relief on his behalf, but because counsel was confronted with extraordinary circumstances caused by the Covid-19 pandemic, he was prevented from filing his state post-conviction motion sooner. Specifically, Wells asserts the following (slightly edited to improve readability):

> The Supreme Court of the State of Mississippi affirmed my conviction on October 5, 2017. My motion for rehearing was denied on January 25, 2018. My family hired Tom Fortner on March 5, 2018, with urgency knowing that I only had one year to file my Application for Post Collateral Relief if I wanted to preserve the right to file a habeas corpus, if I didn't get

> relief on my P.C.R.  A week before Mr. Fortner was officially hired as my attorney, he came to Central Mississippi Correctional Facility where I was housed at the time to talk about my case.  I relayed all the relative information about my trial and appeal that I could remember and gave him all of my paperwork that was relative to my case.  He stated that he needed to talk with my father to sign some paperwork to officially hire him and he would start investigating and researching my case, so he could file my application for motion for leave to proceed to trial court.  Mr. Fortner was hampered by many restrictions and conditions caused by the Covid-19 pandemic and with several free-world witnesses that had relevant information to offer, being medically compromised due to age and other conditions.  It was nearly impossible to have my PCR motion filed on time, so my attorney filed a motion for extension to file my Motion for Leave to Proceed in trial court, and the Mississippi Supreme Court found it to be justified and granted the Motion for Extension. So, to stay in compliance with federal guidelines and standards, it states that a petitioner must exhaust all State remedies before filing for federal relief through a habeas corpus petition. I'm asking this Honorable Court to pursue the equitable tolling standard and find that I was diligent in pursuing my rights by hiring my PCR attorney as quickly as I did, and that an extraordinary circumstance stood in his way for filing my PCR motions on time, which had an effect on filing my habeas corpus petition on time, because I couldn't file my habeas petition until the Mississippi Supreme Court ruled on my PCR first. I will attach a copy of the Motion for Extension, and the court order on it to show that there was an extraordinary circumstance that stood in my attorney's way of filling my PCR motion.

As his assertions make clear, Wells contends that he is entitled to equitable tolling because he could not have filed the instant petition until he first exhausted his state court remedies.  Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are indeed required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006).  But as other courts have observed, exhaustion is not a "rare and exceptional circumstance" warranting equitable tolling. "All petitioners must adhere to exhaustion requirements." *Cook v. Banks*, No. 3:17-CV-863 WHB-JCG, 2018 WL 5984103, at *5 (S.D. Miss. July 2, 2018), *report and*

5

*recommendation adopted,* No. 3:17-CV-863 WHB-JCG, 2018 WL 4656077 (S.D. Miss. Sept. 27, 2018).  Moreover, Wells, who by his own admission, had one year to file his state post-conviction motion in order to "preserve the right to file a habeas corpus," does not explain why he failed to file a "protective federal petition preserving his federal remedies until his state remedies had been exhausted." *Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013).  *Madden*, 521 F. App'x at 321; *Waters v. Fairley*, No. 2:21-CV-82 HSO-LGI, 2021 WL 6805798, at *3 (S.D. Miss. Dec. 22, 2021), *report and recommendation adopted,* No. 2:21-CV-82 HSO-LGI, 2022 WL 350185 (S.D. Miss. Feb. 4, 2022); *Green v. Banks*, No. 1:18-CV-180 HSO-LRA, 2019 WL 2497227 (S.D. Miss. Jan. 28, 2019), *report and recommendation adopted,* No. 1:18-CV-180 HSO-LRA, 2019 WL 1167809 (S.D. Miss. Mar. 13, 2019), at *3, *report and recommendation* adopted *Green*, 2019 WL 2497227, No. 1:18-CV-180 HSO-LRA, 2019 WL 11678809 (S.D. Miss., Mar. 13, 2019).  While not dispositive, his failure to do so weighs against a conclusion that he was reasonably diligent for equitable tolling purposes. *Palacios*, 723 F.3d at 608.

Instead, Wells asks this court to find that he acted diligently "in pursuing [his] rights by hiring [his] PCR attorney as quickly as [he] did."  The undersigned notes, indeed, that Wells appears to have acted diligently in retaining post-conviction counsel to pursue state post-conviction relief, but the issue is whether he acted with reasonable diligence to pursue federal habeas corpus relief.  To that end, Wells does not contend that he retained counsel to pursue federal habeas corpus relief, nor does he show that he made any effort to ensure that counsel file his state post-conviction application with enough

time remaining in the limitations period to seek § 2254 relief.  He also does not contend that he directed counsel to file a protective federal petition to preserve his federal remedies until state court remedies were exhausted.  But even if Wells had done these things, courts have noted that the "act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.). Petitioners must exercise due diligence even when represented by counsel, or "receive inadequate legal representation." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). "Because pro se petitioners are expected to comply with AEDPA's statute of limitations, it would be unfair to expect less from petitioners who are represented by counsel." *Id.*

Moreover, it is notable that while Wells is not entitled to statutory tolling under the circumstances, he had notice that the Mississippi Supreme Court rejected his post-conviction motion by May 2022.  Yet, he waited over six months to file the instant petition.  He offers no explanation for this delay, nor has he responded to the instant motion to dismiss his petition as untimely.  The Fifth Circuit has acknowledged that there are "no bright-line rules" in equitable tolling, but "prisoners who were aware that their state post-conviction proceedings were no longer pending and yet waited to file federal habeas petitions between four and six months after the limitation period began did not exercise reasonable diligence." *Smith v. Vannoy*, 848 F. App'x 624, 629 (5th Cir. 2021).

As for Wells's contention that the Covid-19 pandemic created extraordinary circumstances warranting equitable tolling, the argument is unavailing.  To invoke this exception, a petitioner "must demonstrate a causal relationship between the extraordinary

7

circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Smith*, 848 F. App'x at 628 (internal quotations and citation omitted). Wells has not made this showing here.

While the pandemic may have prevented post-conviction counsel from filing his state post-conviction motion sooner, AEDPA's statute of limitations period ran uninterrupted from May 2, 2018, through May 2, 2019. The first COVID-19 case was detected in Mississippi on March 11, 2020, nearly a year *after* the AEDPA deadline had already passed. Mississippi Dep't. of Health, Mississippi Reports First Positive Case of Coronavirus (Mar. 11, 2020), https://msdh.ms.gov/msdhsite/_static /23,21819,341.html. It is Wells's failure to act diligently *before* the pandemic that precludes federal review. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."). *See also Turner v. Mississippi*, No. 3:21-CV-235 MPM-JMV, 2022 WL 125028, at *3 (N.D. Miss. Jan. 12, 2022) (petitioner failed to show how pandemic prevented him from timely filing his federal habeas petition); *Blake v. Cain*, No. 4:20-CV-103-DMB-RP, 2021 WL 4979014, at *2 (N.D. Miss. Oct. 26, 2021) ("Because the deadline for filing his federal habeas petition began to run and expired *before* the pandemic substantially impacted this country, it does not serve to equitably toll the limitations period for his habeas claims."); *Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4190646, at *5 (S.D. Miss., 2021) ("the mere existence of the COVID-19 pandemic does not, without more, constitute an

'extraordinary circumstance'"), *report and recommendation adopted sub nom. Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021).

In sum, Petitioner's failure to file his state post-conviction motion before May 2, 2019, precluded statutory tolling under 28 U.S.C. § 2244(d)(1)(A). None of AEDPA's other statutory exceptions set forth in § 2244 (a)(1)(B-D) are applicable in this case, and Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations. Because the instant petition was filed well after the federal statute of limitations expired, the undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that, except upon grounds of plain error, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as

amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on May 31, 2023.

                                             s/ LaKeysha Greer Isaac
                                             UNITED STATES MAGISTRATE JUDGE