UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM B. WELLS                                                                                          PETITIONER

V.                                                           CIVIL ACTION NO. 3:22-CV-741-DPJ-LGI

BURL CAIN, COMMISSIONER                                                                 RESPONDENT

ORDER

William B. Wells's habeas corpus petition is before the Court on the Report and Recommendation [12] of United States Magistrate Judge LaKeysha Greer Isaac. Judge Isaac recommended granting Respondent's motion to dismiss [10] the petition as time barred. Respondent filed a limited Objection [13], seeking to clarify one point. Petitioner did not file an Objection or respond in opposition to Respondent's Objection, and the time do so has passed.

In 2016, Wells was convicted of murder and sentenced to life imprisonment in state court. The Mississippi Supreme Court affirmed his conviction and sentence on October 5, 2017, denied his motion for rehearing on January 25, 2018, and issued its mandate on February 1, 2018. Mot. [10] at 2. Wells did not seek further review in the United States Supreme Court. He filed the instant habeas petition [1] on December 21, 2022.

The AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date the petitioner's judgment of conviction becomes final. 28 U.S.C. § 2244(d). Under § 2244(d)(1)(A), Wells's conviction and sentence became final on April 25, 2018, ninety days after the January 25 denial of his motion for rehearing. *See* § 2244(d)(1)(A) (stating the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking that review"); Sup. Ct. R. 13.1

(providing 90 days to file a petition for certiorari).[1]  His petition, filed December 21, 2022, was untimely.

In addition, as noted by Judge Isaac, because Wells did not file a motion for post-conviction relief in state court until November 3, 2021—after the expiration of the one-year limitation period—he is not entitled to tolling under § 2244(d)(2).  R&R [12] at 4.  Moreover, Judge Isaac properly rejected Wells's attempt to invoke equitable tolling.  *Id.* at 4–10.

In sum, the Court adopts the Report and Recommendation [12] of United States Magistrate Judge LaKeysha Greer Isaac with the limited revision as to the date of finality described above.  Respondent's motion to dismiss [10] and Objection [13] are granted.  The petition is dismissed with prejudice as time barred.

A final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2023.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Respondent's Objection [13] takes issue with Judge Isaac's finding as to the date of finality.  Judge Isaac calculated ninety days from the issuance of the mandate (February 1, 2018), setting the date of finality as May 2, 2018.  R&R [12] at 3.  Respondent is correct that April 25, 2018, is the date of finality; the Objection is granted.